JS 44 (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
WILLIAM WARNER

**DEFENDANTS**
EDUCATION & ENTERTAINMENT, INC.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant COOK COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
(See Attached)

Attorneys *(If Known)*
Kishásha B. Sharp, Esq|K.B. Sharp P.A.
550 NE 124th St North Miami, FL 33161|954-380-8990

**(d)** Check County Where Action Arose: ■ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
■ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*  Click here for:

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
**Other:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
■ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
■ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/RE-FILED CASE(S)**
(See instructions): a) Re-filed Case ☐YES ☐NO    b) Related Cases ☐YES ☐NO
JUDGE:    DOCKET NUMBER:

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
US Civil Statute: 47 USC 227 | Brief Description: Unauthorized use of telephone equipment
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $30,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE: May 26, 2021
SIGNATURE OF ATTORNEY OF RECORD: *Kisha'sha B. Sharp*

FOR OFFICE USE ONLY : RECEIPT #    AMOUNT    IFP    JUDGE    MAG JUDGE

# Section I (c) – Attorneys

**Plaintiff Attorneys**

**Manuel S. Hiraldo, Esq**
Hiraldo P.A.
401 E. Las Olas Boulevard, Suite 1400 Ft. Lauderdale, FL 33301
954-400-4713


**Jibrael S. Hindi, Esq & Thomas J. Patti, Esq.**
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744 Ft. Lauderdale, FL 33301
954-907-1136

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

|  |  |
|---|---|
| WILLIAM WARNER, | ) |
| Plaintiff, | ) |
| v. | ) |
| EDUCATION & ENTERTAINMENT, INC. d/b/a NIPSEY'S RESTAURANT, | ) |
| Defendant | ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW, the ("Defendant"), Education & Entertainment, Inc. d/b/a Nipsey's Restaurant, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and states the following:

1. The instant case of *William Warner v. Education & Entertainment, Inc*. was initially filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 2021-008475-CA-01.

2. Plaintiff contends that Defendant violated the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227.

3. This honorable Court has jurisdiction in this matter on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

4. Furthermore, this Court has jurisdiction over this matter on the basis of diversity pursuant to 28 USC § 1332.

5. Plaintiff is a citizen and resident of Miami-Dade County, Florida.

6. Defendant is an Illinois corporation with its principal place of business located in Chicago, Illinois.

7. The Notice of Removal has been filed within thirty days of initial receipt of the Plaintiff's complaint by Defendant, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

8. True and correct copies of all process, pleadings and orders served in this action are attached hereto as Exhibit "A", as required by 28 U.S.C. § 1446(a).

9. The Defendant consents to the removal of this action to the United States District Court for the Southern District of Florida, Civil Division.

/s/ Kishásha B. Sharp
Kishásha B. Sharp, Esq.
Florida Bar Number: 154539
K.B. SHARP, P.A.
550 NE 124th Street
North Miami, Florida 33161
Tel. (954) 380-8990
Primary Email: ksharp@kbsharppalaw.com
Secondary Email: kbsharppa@gmail.com
Attorney for Defendant

# EXHIBIT A

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**CASE NO. 2021-008475-CA-01**

WILLIAM WARNER,
*individually and on behalf of all others similarly situated*,

    Plaintiff,

vs.

EDUCATION & ENTERTAINMENT, INC.
d/b/a NIPSEY'S RESTAURANT,

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the complaint or petition in this action on defendant:

EDUCATION & ENTERTAINMENT, INC. d/b/a NIPSEY'S RESTAURANT
Registered Agent: Francis Ostian
8770 W. Bryn Mawr Ave., Ste. 1300
Chicago, IL 60631

    Each defendant is required to serve written defenses to the complaint or petition on **MANUEL S. HIRALDO, HIRALDO P.A., Plaintiff's attorney, whose address is 401 E. Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301, Tel: (954) 400-4713,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on  4/9/2021

As Clerk of the Court



BY: _____ 310009
As Deputy Clerk

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

WILLIAM WARNER,
*individually and on behalf of all others
similarly situated*,

      Plaintiff,

vs.

EDUCATION & ENTERTAINMENT, INC.
d/b/a NIPSEY'S RESTAURANT,

      Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff William Warner brings this class action against Defendant Education & Entertainment, Inc. d/b/a Nipsey's Restaurant, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.  This is a putative class action under 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2.  To promote its restaurant, Defendant engages in unsolicited text messaging utilizing an automatic telephone dialing system, including to individuals who have registered their telephone numbers on the National Do Not Call Registry.

3.  Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined

below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Miami-Dade County, Florida.

5. Defendant is, and at all times relevant hereto was, an Illinois corporation and a "person" as defined by 47 U.S.C. § 153(39), with its principal place of business located in Chicago, Illinois. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contact with this state. Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida without obtaining the requisite prior express written consent and to individuals on the National Do Not Call Registry, in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited advertising or telemarketing SMS text messages to Plaintiff to sell products and services in Florida. Plaintiff received such messages while residing in and physically present in Florida and Plaintiff has a cellular telephone number with the area code 305 which coincides with locations in South Florida.

8. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## FACTS

9. On or about March 27, 2021 and April 2, 2021, Defendant sent the following text messages to Plaintiff's cellular telephone:

> 313313
>
> Text Message
> Saturday 18:13
>
> (Nipsey's Restaurant) The new menu at Nipsey's is Amazing! Experience craft cocktails in the Alumni Lounge! 5PM-1AM/ www.Nipseys.com / 773.801.3775 STOP to end
>
> Today 15:32
>
> (Nipsey's Restaurant) Fun Filled Weekend, Includes HAPPY HOUR 2NITE! See all the new exciting things going on at Nipsey's! https://conta.cc/3sPz60a STOP to end

10. Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

11. The purpose of Defendant's text message was to promote and advertise its restaurant.

12. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

13. Plaintiff is the subscriber and sole user of the telephone number that received the messages and is financially responsible for phone service to the number.

14. Plaintiff never provided Defendant with express written consent to contact his cellular telephone with advertisements using an automatic telephone dialing system ("ATDS").

15. Plaintiff never voluntarily disclosed his telephone number to Defendant.

16. Plaintiff's cellular telephone number has consistently been registered on the National Do Not Call Registry since 2007.

17. Plaintiff solely uses his cellular telephone for personal purposes.

18. To send the text messages, Defendant used a text messaging platform (the "Platform") that permitted Defendant to transmit bulk SMS text messages. Systems like the Platform utilized by Defendant have the capacity to transmit thousands of messages per second and are technologically more sophisticated in their availability to transmit messages than a traditional smartphone. Moreover, Defendant utilized a "short-code" to transmit the messages, which cannot be done using a regular smartphone.

19. The Platform utilized by Defendant is an ATDS because it has the capacity to (1) store telephone numbers; (2) using a random or sequential number generator.

20. Specifically, the Platform has the capacity to indefinitely store telephone numbers within a computer database for subsequent dialing.

21. Further, the Platform has the capacity to utilize a random and sequential number generator in the storage of those numbers, and does in fact utilize said number generator for a variety of functions including, but not limited to, the selection and creation of SMS packets containing the target telephone numbers to be dialed by the Platform, as well as the sequential and/or random selection of telephone numbers to be dialed from a preselected list of numbers.

22. A packet in the context of SMS transmission is an envelope of data that contains various instructions and content, including the target cellular telephone number to be dialed, the

sequence in which to dial each number, and wording of the message. The following is an example of an typical SMS packet:

> SubmitReq:StatusReportReq=true,Destination=0011166500313,Sequence=35722139,Originator=91157,OriginatorType=3,Body=3:2e:0a11:2f14:2f11:0aDEBIT(p)$1:2e47:0aCHKCARDFOUTSETCROBERTIDUS:0aFornexttransaction:3aReplyN:0aForprevious:3aReplyP,BillingRef=,ClientRef=41883049-1,ProfileId=31174,Operator=31003,Tariff=0,Tag-Program=stdrt,TagChClientID=31174,TagChUsername=corvette_31174,ServiceId=51437,Interface=xml,

23. In the context of SMS packet creation, the Platform utilizes a random and/or sequential number generator to pull and generate telephone numbers from a list of numbers and transfer those numbers to a separate list for the creation of the packets, and ultimately placement into each independent SMS packet.

24. In the context of dialing the numbers, the Platform utilizes a random and/or sequential number generator to pick and designate the sequence in which to dial the telephone numbers. The Platform independently selects the rate and time at which to dial each telephone numbers and may temporarily store the packets in a queue when the volume exceeds capacity to deliver them.

25. The Platform also has the capacity to use its random and/or sequential number generator to generate random or sequential identification numbers that it assigns to each SMS packet.

26. Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

27.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is comprised of class two classes and defined as:

> **NO CONSENT CLASS: All persons in the United States who, within four years prior to the filing of this action, (1) were sent a text message by or on behalf of Defendant, (2) using the same equipment or type of equipment utilized to text message Plaintiff, (3) regarding Defendant's property, goods, and/or services.**
>
> **DO NOT CALL REGISTRY CLASS**: **All persons in the United States who from four years prior to the filing of this action: (1) were sent a text message, prerecorded message or phone call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising and/or promoting Defendant's products and services.**

28.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

29.     Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

31. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant can meet its burden of showing that it had express consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200
**(On Behalf of Plaintiff and the No Consent Class)**

37. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

38. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

39. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

40. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made …" 47 C.F.R. § 64.1200(a)(2).

41. Defendant utilized equipment with the capacity to store telephone numbers using a random or sequential number generator to make non-emergency telephone calls to the cellular telephones of Plaintiff and members of the No Consent Class.

42. These calls were made without the express written consent of Plaintiff and the No Consent Class members.

43. Defendant has, therefore, violated § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200 of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their consent.

44. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

45.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-36 as if fully set forth herein.

46.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

48.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

49.     Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for himself and each

  member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment;

h) A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

i) A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

j) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

DATED: April 8, 2021

                Respectfully Submitted,

                **HIRALDO P.A.**

                */s/ Manuel S. Hiraldo*
                Manuel S. Hiraldo, Esq.
                Florida Bar No. 030380
                401 E. Las Olas Boulevard
                Suite 1400
                Ft. Lauderdale, Florida 33301
                Email: mhiraldo@hiraldolaw.com
                Telephone: 954.400.4713

                **JIBRAEL S. HINDI, ESQ.**
                Florida Bar No.: 118259
                E-mail:    jibrael@jibraellaw.com
                **THOMAS J. PATTI, ESQ.**
                Florida Bar No.: 118377
                E-mail:    tom@jibraellaw.com
                The Law Offices of Jibrael S. Hindi
                110 SE 6th Street, Suite 1744
                Fort Lauderdale, Florida 33301
                Phone:    954-907-1136